UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTINO RAMOS,

        Plaintiff,

v.                                                Case No. 3:19-cv-935-J-34MCR

STATE OF FLORIDA, et al.,

        Defendants.
_____

## ORDER

Plaintiff Martino Ramos, an inmate of the Florida penal system, initiated this action on June 14, 2019, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. On August 27, 2019, the Court dismissed the Complaint without prejudice and directed Ramos to file an amended complaint. On September 26, 2019, pursuant to the mailbox rule Ramos filed a pro se amended Civil Rights Complaint (Amended Complaint; Doc. 13).[1] Ramos names the State of Florida, Sgt. Weeks, Sgt. Broomfield, Sgt. Tilton, C.O. Mosley, Lt. Nate, Sgt. Fields, Ms. Garber, and Mr. McGlew as Defendants. Ramos asserts violations of the Eighth and Fourteenth Amendments to the United States Constitution. Amended Complaint at 5-6.[2] Ramos also raises a state law

---

[1] On October 7, 2019, Ramos filed a notice of amendment (Notice; Doc. 14), in which he sought to add claims to his Amended Complaint. The Court struck the Notice because Ramos did not seek leave of court to file a second amended complaint but did so without prejudice to his right to file a motion to amend his Amended Complaint by November 15, 2019. See Doc. 15. The Court also warned Ramos that it would treat the Amended Complaint as the operative complaint if it did not receive a motion by that date. Id. Ultimately, Ramos did not move the Court to amend within the specified time frame; therefore, the Amended Complaint remains the operative complaint. Id.

[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

claim of elder abuse. Id. As relief, Ramos requests compensatory, punitive, and nominal damages in the amount of $20 million, the criminal prosecution of Defendants, and relief for other elderly and disabled inmates. Id. at 8.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley,

2

790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Ramos cannot sustain a cause of action against the Defendants.

**Claims Against the State of Florida**

Absent waiver, § 1983 claims against a state are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). The State of Florida has not waived Eleventh Amendment immunity for § 1983 claims. See Gamble v. Fla. Dept. of Health and Rehab. Services, 779 F.2d 1509, 1520 (11th Cir. 1986) (holding that Florida has not waived its Eleventh Amendment immunity); Garcia v. Reyes, 697 So. 2d 549, 550 (Fla. 4th DCA 1997) (citing Hill v. Department of Corr., 513, So. 2d 129, 133 (Fla. 1987)) (recognizing the same). Accordingly, to the extent Ramos sues the State of

Florida, his claims are barred by the Eleventh Amendment. See Will, 491 U.S. at 66. Therefore, the State of Florida is due to be dismissed as a Defendant.

**Claims Against Sgt. Broomfield**

Ramos asserts that on August 15, 2016, he was handcuffed for five hours in the medical dorm, he was forced to walk and carry his property that weighed sixty pounds for about a mile, and Sgt. Broomfield read Ramos' felony case documents. Amended Complaint at 15. Approximately fourteen months later, Ramos contends that Sgt. Broomfield told Sgt. Weeks the nature of Ramos' felony conviction and sexually harassed Ramos in front of all the inmates present in the chow hall at lunch time. Id. Notably, Ramos does not allege how Sgt. Broomfield sexually harassed him.

Ramos' claim of sexual harassment is due to be dismissed as conclusory, as he has not alleged any specific facts as to the nature of the harassment, nor any facts suggesting the existence of a claim plausible on its face. See L.S.T., Inc., 49 F.3d at 684; Fullman, 739 F.2d at 556-57; Rehberger, 577 F. App'x at 938. Moreover, the Court notes that "allegations of verbal abuse and threats by the prison officers [do] not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008). Based on a liberal reading of the Amended Complaint as a whole, it appears that Ramos' claim of sexual harassment is based upon verbal abuse regarding child molestation and homosexuality. As such, Sgt. Broomfield's verbal abuse alone cannot state a claim for relief under § 1983. See id.; Allen v. McDonough, No. 4:07-cv-469-RH-GRJ, 2011 WL 4102525, *6 (N.D. Fla. August 17, 2011), report and recommendation adopted, No. 4:07-cv-469-RH-GRJ, 2011 WL 4103081 (N.D. Fla. Sept.

14, 2011) (finding a defendant's sexual comments and gestures towards plaintiff during his decontamination shower did not rise to the level of an Eighth Amendment constitutional violation).

To the extent Ramos asserts that Sgt. Broomfield violated his Eighth Amendment right to be free from cruel and unusual punishment, the Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[3] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at 1000.[4] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. Farmer, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); Wilson, 501 U.S. at 303, 111 S.Ct. at 2327.[5]

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010). For claims based on a failure to prevent harm, the objective component requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. The subjective component requires the inmate to demonstrate the defendant intended the plaintiff to be harmed or was at least consciously indifferent to the plaintiff's safety. Id. Notably, "[t]he infliction of pain in the course of a prison security measure . . .

---

[3] Farmer v. Brennan, 511 U.S. 825 (1994).
[4] Hudson v. McMillian, 503 U.S. 1 (1992).
[5] Wilson v. Seiter, 501 U.S. 294 (1991).

5

does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Court finds Ramos' allegation concerning handcuffs and carrying his property does not amount to cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). Being handcuffed for five hours while outside of his cell does not strike the Court as cruel and unusual punishment under contemporary standards. Likewise, forcing Ramos to carry his own belongings, especially without allegations of physical harm or deliberate indifference to serious medical needs, is insufficient to state a claim of an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Whitley, 475 U.S. at 319. Based on the above analysis, the claims against Defendant Sgt. Broomfield are due to be dismissed.

**Claims Against Sgt. Weeks**

According to Ramos, Sgt. Weeks talked with Broomfield about Ramos' felony conviction, afterwards she began making sexual comments and called Ramos a child molester while they were in the chow hall together. Amended Complaint at 15-16. Sgt. Weeks also allegedly told other inmates that Ramos had filed a grievance against her and she called Ramos "Chester." Id. Ramos also asserts that Sgt. Weeks made numerous comments about "queens and child molesters," and commented about putting

6

a bullet in their heads. Id. Last, Ramos makes conclusory allegations, without any factual development, that Sgt. Weeks ignored a substantial risk. Id.

The Court finds Ramos has alleged only claims of verbal abuse against Weeks. As such, Ramos has failed to state a claim upon which relief can be granted as to Sgt. Weeks. See Hernandez, 281 F. App'x at 866. All remaining allegations against Sgt. Weeks are conclusory in nature and, likewise, do not state a claim upon which relief can be granted. See L.S.T., Inc., 49 F.3d at 684; Fullman, 739 F.2d at 556-57; Rehberger, 577 F. App'x at 938. Therefore, the claims against Defendant Sgt. Weeks are due to be dismissed.

### Claims Against Sgt. Tilton

Ramos asserts that Sgt. Tilton told him that he did not want any "homos" working around him and asked Ramos "why do child molesters find God?". Amended Complaint at 17. According to Ramos, Sgt. Tilton threatened and sexually harassed him over a two-day span, which caused a hostile environment. Id.

The Court finds Ramos' claim of sexual harassment and threats to be conclusory as he provides no facts detailing the threats or sexual harassment. See L.S.T., Inc., 49 F.3d at 684; Fullman, 739 F.2d at 556-57; Rehberger, 577 F. App'x at 938. With regard to Tilton's comments directed at Ramos, the Court finds such verbal abuse insufficient to state a claim upon which relief can be granted. See Hernandez, 281 F. App'x at 866. As such, any claim against Defendant Sgt. Tilton is due to be dismissed.

### Claims Against Lt. Nate

Ramos contends that Lt. Nate targeted him generally, and specifically stated to Ramos that he would make Ramos' "head turn," which Ramos took as a threat. Amended

7

Petition at 17-18. Ramos also asserts in conclusory fashion that Lt. Nate tortures him and is inhumane. Id.

Ramos' specific allegations against Lt. Nate demonstrate only verbal abuse, which is insufficient to state a claim for relief under § 1983. See Hernandez, 281 F. App'x at 866. To the extent Ramos complains of torture or inhumane treatment, other than allegations of verbal abuse, Ramos has provided no factual allegations in support of these claims. Therefore, the Court finds the claims are conclusory and due to be dismissed. See L.S.T., Inc., 49 F.3d at 684; Fullman, 739 F.2d at 556-57; Rehberger, 577 F. App'x at 938. Accordingly, the claims against Defendant Lt. Nate are due to be dismissed.

**Claims Against C.O. Mosley**

Ramos maintains that C.O. Mosley made "several sexual harassing comments." Amended Complaint at 16. Additionally, he asserts that Mosley placed him in a holding cell outside in the cold for thirty minutes without a hat, jacket, or heat. Id. at 17. Notably, Ramos has not alleged any harm, physical or psychological, as a result of being out in the cold. Id. at 16-17.

Ramos' claims against Mosley for his verbal abuse fail to state a claim upon which can be granted. See Hernandez, 281 F. App'x at 866. Likewise, his assertions of being held outside in the cold for thirty minutes with regular clothing does not rise to the level of a constitutional violation, especially where no physical or psychological harm occurred and there are no allegations that Mosley did this for reasons other than penological justification. See Rhodes, 452 U.S. at 347; Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (noting that generally, prison conditions violate the Eighth Amendment only when they involve the wanton and unnecessary infliction of pain). Based on the

8

above, Defendant C.O. Mosley is due to be dismissed from this action as Ramos has failed to state a claim against him upon which relief can be granted.

**Claims Against Sgt. Fields**

Ramos contends that Sgt. Fields screamed directives at him that included obscenities and told Ramos that "if I could, I would stab you 99 times." Amended Complaint at 18. The Court finds this claim of verbal abuse does not state a claim upon which relief can be granted. See Hernandez, 281 F. App'x at 866. As such, Defendant Sgt. Fields is due to be dismissed.

**Claims Against Ms. Garber**

According to Ramos, Ms. Garber, the food director at the prison, allowed the kitchen to become unsanitary, with moldy cups and trays, animal feces, rats, mice, birds, cockroaches, and urine present. Amended Complaint at 18-20. Ramos asserts that Garber retaliated against him for filing grievances against her and the status of the kitchen and chow hall by telling Ramos she did not want him working there, changing his job in the kitchen, failing to give Ramos medical attention after he severely burned his hands at work, and manipulating the work schedules in such a way as to make him work more than five days a week and to cause sleep deprivation and increase his stress. Id. Ramos also complains that Garber made sexual and lewd comments about him to staff and other inmates. Id.

To the extent Ramos complains about verbal abuse from Garber, such claims do not state a claim upon which relief can be granted. See Hernandez, 281 F. App'x at 866. However, it appears that Ramos has alleged sufficient facts against Garber to state a First Amendment retaliation claim. See Farrow v. West, 320 F.3d 1235, 1248 (11th Cir.

9

2003) (An inmate may maintain a cause of action for retaliation under 42 U.S.C. § 1983 by showing that a prison official's actions were "the result of [the prisoner] having filed a grievance concerning the conditions of his imprisonment."). Additionally, the unsanitary kitchen and work conditions potentially states a claim under the Eighth Amendment. As such, the Court will direct the Amended Complaint to be served on Ms. Garber.

### Claims Against Mr. McGlew

Ramos alleges that McGlew was verbally abusive and taunted inmates. Amended Complaint at 20. He further asserts that McGlew asked him why he needed so many medications, started screaming at Ramos about Ramos' medications, and told Ramos that he did not need medications. Id. Notably, Ramos does not allege that McGlew kept medications from him, only that he accused Ramos of not needing certain medications. Id. According to Ramos, McGlew also aggressively got in Ramos' face as if he was going to physically hurt him but did not. Id.

The Court finds Ramos' claims of taunting and verbal abuse are insufficient to state a claim upon which relief can be granted. See Hernandez, 281 F. App'x at 866. Moreover, as Ramos has not alleged his medical conditions were neglected, he has failed to state an Eighth Amendment claim of medical indifference. As such, the claims against Defendant Mr. McGlew are due to be dismissed.

### State Law Claims

As Defendants the State of Florida, Sgt. Broomfield, Sgt. Weeks, Sgt. Tilton, Lt. Nate, C.O. Mosley, Sgt. Fields, and Mr. McGlew are due to be dismissed, the Court declines to exercise supplemental jurisdiction over the pendant state claims against them. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (noting that

districts courts are encouraged "to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). However, as Ms. Garber remains a Defendant, the Court allows Ramos' state law claim to proceed as to Ms. Garber but makes no decision now as to the merits of that claim.

## Claims Brought on Behalf of Other Inmates

Throughout his Amended Complaint, Ramos complains that other inmates are experiencing similar abusive behavior and that he has observed other inmates' rights being violated including through the use of "illegal gassing." Amended Petition at 15-22. However, it is "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (alteration in original and internal quotation marks omitted) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). As such, Ramos does not have standing to assert claims on behalf of other inmates. See id.; Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972) ("Appellee has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others."). Accordingly, Ramos' claims on behalf of other inmates are due to be denied.

In light of the above, it is

**ORDERED** that**:**

1. Defendants the State of Florida, Sgt. Broomfield, Sgt. Weeks, Sgt. Tilton, Lt. Nate, C.O. Mosley, Sgt. Fields, and Mr. McGlew are **DISMISSED** from this action. Further, all claims asserted on behalf of persons other than Ramos are dismissed. The Clerk shall terminate them as Defendants and the make appropriate notation on the docket.

2. The Court will direct service of the Amended Complaint on Defendant Ms. Garber by separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of January, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c: Marino Ramos #K70883